**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| Wahab Shaikh,<br><br>           Plaintiff,<br><br>v.<br><br>Hunter Warfield, Inc and<br>Balfour Beatty Communities, LLC,<br><br>           Defendants. | Civil Action No: 4:20-cv-223<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff WAHAB SHAIKH ("Plaintiff"), by and through his attorney, SHAWN JAFFER LAW FIRM, PLLC, for his Complaint against Defendant HUNTER WARFIELD, INC, ("HUNTER") and Defendant Balfour Beatty Communities, LLC ("BBC"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, et. seq., and the Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## PREMLIMINARY STATEMENT

1.      This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA), Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, et. seq., and for injunctive relief, actual damages, and attorney's fees and costs pursuant to Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

4. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

5. Plaintiff is a natural person residing at who formerly resided at Northside Apartments in Richardson, Collin County, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C §1692a(3) and Tex. Fin. Code Ann. § 392.001(1), and 15 U.S.C. § 1681a(c).

7. Plaintiff allegedly owes a debt (the "Consumer Debt"), for a residential apartment lease at Northside Apartments in Richardson, Collin County, TX owned by Defendant BBC, as defined by 15 U.S.C §1692a(5) and Tex. Fin. Code Ann. § 392.001(2).

**Defendant Hunter Warfield, Inc. ("Hunter"):**

8. Defendant HUNTER is a "debt collector" as defined by 15 U.S.C §1692a(6).

9. Defendant HUNTER is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 located at, and can be served on Corporation Services Company, at 211 E. 7TH Street, Suite 620, Austin, TX 78701.

10. Defendant HUNTER attempted to collect the Consumer Debt from Plaintiff.

11. Defendant HUNTER is a collection agency that collects consumer debts from Texas consumers.

12. Defendant HUNTER regularly collects, or attempts to collect debts from Consumers in Texas.

13. Defendant HUNTER engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

14. Defendant HUNTER acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, and representatives.

15. At all times material hereto, Defendant HUNTER was acting as a debt collector in respect to the collection of the Consumer Debt from the Plaintiff.

16. The current creditor of the Consumer Debt is Defendant Balfour Beatty Communities, LLC (the "Current Creditor").

**Defendant Balfour Beatty Communities, LLC ("BBC"):**

17. The "Current Creditor" is Balfour Beatty Communities, LLC.

18. Defendant BBC is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

19. Defendant BBC engaged in "debt collection" as defined by Tex. Fin. Code Ann. § 392.001(5).

20. Defendant BBC owns and operates apartment complexes throughout Texas and maintains a registered agent for service of process: Corporation Service Company, 211 E. 7th, Street, Suite 620, Austin, TX 78701.

## FACTUAL ALLEGATIONS
*Violation I – False Representation of Amount Due*

21. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

22. The obligation arose out of a transaction involving a debt allegedly incurred by Plaintiff for a residential apartment lease from BBC, the funds which were used primarily for personal, family or household purposes.

23. On October 31, 2018, Plaintiff sent his second Notice to Vacate his apartment to Defendant BBC. See Exhibit A.

24. November 7, 2018, Defendant BBC's employee Danny Bermudez replied back in a series of emails to show the apartment to a prospective resident. See Exhibit B.

25. On November 30, 2018, Defendant BBC's employee Deijah Brown emailed Plaintiff informing him that he is to move out by December 23, 2018 and the new resident will take over his apartment "as is" and that Plaintiff is required to pay the full rent for the month of December 2018 but it will be the prorated portion will be reimbursed back to him. See Exhibit C.

26. Plaintiff vacated his apartment on or before December 23. 2018 as required by Defendant BBC and paid BBC the December 2018 rent.

27. On or about January 23, 2019, Defendant BBC sent Plaintiff a Moveout Statement demanding rent for January 2019 in the amount of $527.03, late fees totaling $25.00, and a risk mitigation fee of $12.00. Plaintiff's $100 security deposit was applied against these charges and fees and no December 2018 rent offset was applied. See Exhibit D.

28. On about February 6, 2019, Defendant BBC sent the Consumer Debt into collection to Defendant Hunter to collect an amount totaling $664.03 from the Plaintiff.

29. On March 22, 2019, Defendant Hunter then credit reported the Consumer Debt on Plaintiff Experian and Equifax credit reports as a "past due collections account" with a $698 balance, with the balance increasing each month by approximately $3.00.

30. At some date after March 22, 2019, the Plaintiff disputed the Hunter Warfield collection account for the Consumer Debt with Experian and Equifax.

31. Defendant Hunter certified to Experian and Equifax that Hunter conducted an investigation and verified that the information it was reporting was accurate.

32. Plaintiff did not owe Defendant BBC rent for January 2019, any late fees, or a risk mitigation fee.

33. On or about April or May 2019, Plaintiff filed a complaint with the Better Business Bureau in a last and final attempt to resolve the false billing, illegal debt collection, and false credit reporting with Defendant BBC. But BBC refused to reasonably resolve the issue. See Exhibit E.

34. Plaintiff has been injured by the loss of his $100 security deposit, injury to credit report, mental anguish from attempting to fix this issue for almost a year, and because he had to post a $1,200 security deposit with his new apartment and is unable to refinance his student load debt.

35. Defendant HUNTER attempted to collect a debt from the Plaintiff that was not authorized.

36. Defendant HUNTER communicated false credit information to the consumer credit bureaus.

37. Defendant HUNTER failed to conduct a reasonable investigation to Plaintiff's dispute with Experian and Equifax.

38. Defendant BBC attempted to collect a debt from the Plaintiff that was not authorized.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to HUNTER)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

40. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

41. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

42. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

43. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

44. The Defendant HUNTER violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully investigate and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

45. Specifically, Defendant HUNTER reported a collections account on Plaintiff's credit report that did not belong to the Plaintiff. Then Defendant HUNTER refused to remove the Account from Plaintiff's credit report after Plaintiff disputed the information and with Experian and Equifax. Instead Defendant HUNTER verified the Account as accurate and continues to report false and misleading credit information about the Plaintiff to Experian and Equifax.

46. As a result of the conduct, action and inaction of the Defendant HUNTER, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

47. The conduct, action and inaction of Defendant HUNTER was willful, rendering Defendant HUNTER liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

48. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant HUNTER in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

**WHEREFORE,** Plaintiff, Wahab Shaikh, an individual, demands judgment in her favor against Defendant HUNTER, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to HUNTER)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

51. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

52.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

53.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

54.     Defendant HUNTER is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

55.     After receiving the Dispute Notice from Experian and Equifax, Defendant HUNTER negligently failed to conduct its reinvestigation in good faith and continued to report the false account.

56.     A reasonable investigation would require a furnisher such as Defendant HUNTER to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

57.     The conduct, action and inaction of Defendant HUNTER was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

58.     As a result of the conduct, action and inaction of the Defendant HUNTER, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

59.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant HUNTER in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

**WHEREFORE,** Plaintiff, Wahab Shaikh, an individual, demands judgment in her favor against Defendant HUNTER, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692e & §1692f *et seq.* against Defendant Hunter)**

60. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

61. Defendant HUNTER's debt collection efforts against Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e and §1692f.

62. Under 15 U.S.C. § 1692e a debt collector:

   may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

   1. The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2);

   2. Communicating or threatening to communicate to any person credit information which is known or should have been known to be false 15 U.S.C. §1692e(8); and

   3. The use of any false representation or deceptive means to collect any debt; 15 U.S.C. §1692e(10).

63. Under 15 U.S.C. §1692f a debt collector:

may not use unfair or unconscionable means to collect or attempt to collect any debt. (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(1).

64. Defendant HUNTER has falsely represented the character and amount of the Consumer Debt as past due with a balance of $664.03.

65. Defendant HUNTER has reported false credit information to the consumer credit bureaus regarding an inaccurate balance and false characterization as a past due collections account owed to BBC by Plaintiff.

66. Defendant HUNTER has made false representations or used deceptive means to collect the Consumer Debt by inflating the balance by adding collection fees or charges each month in the amount of approximately $3.00.

67. Defendant HUNTER has used unfair or unconscionable means to collection an amount including any interest, fee, charge, or expense incidental to the alleged principal obligation when it was not authorized by agreement or law.

68. For these reasons, the Defendant HUNTER is liable to the Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
### (Violations of the Texas Debt Collection Act Tex. Fin. Code Ann. § 292 *et seq.* Against Defendant BBC)

69. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

70. Defendant BBC violated the TDCA at Tex. Fin. Code §392.303(2), when it attempted to collect charges, fees, or expense not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer, when it attempted to collect $664.03 when Plaintiff did not owe that amount.

71. For these reasons, the Defendant BBC is liable to the Plaintiff for actual damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

72. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Actual and statutory damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

(2) Actual and Statutory damages and injunctive relief as provided for under the TDCA;

(3) Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3) and the TDCA;

(4) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

(5) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

(6) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1681k(a)(2)(A);

(7) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

(8) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

(9) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2),15 U.S.C. § 1640(a)(3), and 15 U.S.C. § 192k(a)(3); and

(10) Such other or further relief as the Court deems proper.

DATED: March 18, 2020               Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*_____.
Shawn Jaffer
TX Bar No.: 24107817
11625 Custer Rd, Suite 110-376
Frisco, TX 75035
Phone:     214-210-0730
Fax:         214-594-6100
E-mail:    shawn@jaffer.law
***Attorney for Plaintiff Wahab Shaikh***